UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERMAINE EDWARD CASEY,

        Petitioner,

   v.

JULIE BROWN, Warden,

        Respondent.
                                     /

No. C 04-4749 PJH (PR)

**ORDER GRANTING CERTIFICATE OF APPEALABILITY**

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court denied the petition in an order entered on July 30, 2007, and judgment was entered that day. On August 15, 2007, petitioner filed a timely notice of appeal and request for a certificate of appealability ("COA").

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

At petitioner's trial the court admitted testimony from the victims about two prior uncharged sexual offenses which the witnesses contended were committed by petitioner.

Petitioner desired to impeach one of the witnesses by asking her if she had previously made false accusations of sexual abuse. The question was based on petitioner's having told counsel that the witness had made such accusations, and that the reason he was not charged with abuse of the witness was because of those prior false allegations. The trial court did not allow the question, saying that petitioner's unsupported assertion was an insufficient basis for it. This court concluded that the state's interest in excluding unreliable or prejudicial evidence was strong, and that petitioner's interest in the proposed cross-examination was weak because of the slight basis for the question. Thus the trial court's application of the California evidentiary rule in this case was reasonable and neither arbitrary nor disproportionate, so petitioner's rights were not violated. *See Fowler v. Sacramento County Sheriff's Dept.*, 421 F.3d 1027, 1037 (9th Cir. 2005) (standard).

It would, however, be possible for jurists of reason to find this result debatable. A certificate of appealability therefore is **GRANTED** as to whether the trial court violated petitioner's due process and confrontation rights by refusing to allow him to ask Desiree if she had made prior false accusations of sexual assault. It is **DENIED** as to his other issues.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b).

**IT IS SO ORDERED.**

Dated: August 21, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.04\CASEY749.COA.wpd

2